**Affirmed and Memorandum Opinion filed August 4, 2022.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-21-00616-CV

---

## THE STATE OF TEXAS FOR THE BEST INTEREST AND PROTECTION OF C.H.

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Cause No. 21-CMH-007856**

---

### MEMORANDUM OPINION

The State applied for court-ordered temporary mental health services and psychoactive medication for C.H. The case was tried to a jury, which made the necessary statutory findings, including that C.H. is (1) experiencing substantial mental or physical deterioration of his ability to function independently, which is exhibited by his inability, except for reasons of indigence, to provide for his basic needs, including food, clothing, health, or safety; and (2) unable to make a rational and informed decision as to whether or not to submit to treatment. *See* Tex. Health & Safety Code § 574.034(a)(2)(C). The trial court signed orders for C.H. to

receive inpatient mental health services and for the administration of psychoactive medication.

In two issues, C.H. contends the evidence is legally insufficient to support the trial court's (1) order for inpatient mental health services because there is legally insufficient evidence to support the jury's findings recited above; and (2) order to administer psychoactive medications because the evidence is insufficient to support the order for inpatient mental health services. *See* Tex. Health & Safety Code § 574.106(a) (court may issue order authorizing administration of psychoactive medication to a patient who is under a court order to receive inpatient mental health services).

The State responds that C.H. has not preserved error because C.H. did not raise his legal sufficiency challenges by one of the well-recognized methods for preserving a legal sufficiency challenge in a civil jury case. *See, e.g.*, *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 220 (Tex. 1992) ("A no evidence point is preserved through one of the following: (1) a motion for instructed verdict; (2) a motion for judgment notwithstanding the verdict; (3) an objection to the submission of the issue to the jury; (4) a motion to disregard the jury's answer to a vital fact issue; or (5) a motion for new trial."); *see also Campbell v. State*, 85 S.W.3d 176, 180 (Tex. 2002) ("Involuntary mental health commitment proceedings are civil rather than criminal in nature." (quotation omitted)). C.H. does not respond to the State's preservation argument.

The record does not show that C.H. preserved his legal sufficiency arguments in the trial court by any of the recognized methods. Accordingly, no error is preserved. *See In re J.C.*, 582 S.W.3d 497, 500–01 (Tex. App.—Waco 2018, no pet.) (legal sufficiency challenge to mental health commitment order not preserved); *cf. In re A.R.M.*, No. 14-13-01039-CV, 2014 WL 1390285, at *5 (Tex.

App.—Houston [14th Dist.] Apr. 8, 2014, no pet.) (mem. op.) (legal sufficiency challenge to parental termination not preserved); *In re Commitment of Bradshaw*, No. 09-12-00570-CV, 2013 WL 5874613, at *6–7 (Tex. App.—Beaumont Oct. 31, 2013, pet. denied) (mem. op.) (legal sufficiency challenge to commitment for sexually violent predator not preserved).

Appellant's issues are overruled, and the trial court's orders are affirmed.

/s/     Ken Wise
        Justice

Panel consists of Chief Justice Christopher and Justices Wise and Jewell.